UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon L. Lewis, #245552, <br> *aka* Shannon Lowery Lewis, <br> *aka* Shannon Loray Lewis, <br><br>                    Petitioner, <br><br> vs. <br><br> Judge Letitia H. Verdin, <br> The Thirteenth Judicial Circuit; and <br> Attorney Robert E. Ianuario, <br><br>                    Respondents. | ) C/A No.: 8:13-89-MGL-JDA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The Petitioner, Shannon L. Lewis, ("Petitioner"), a self-represented litigant, files this Petition for Writ of Mandamus, seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915. Petitioner, a pre-trial detainee, is currently confined at the Greenville County Detention Center in Greenville, South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

Petitioner alleges he has been denied due process during the course of his state criminal proceedings. Specifically, he challenges the warrant issued against him, claims his right to a speedy trial has been violated, alleges responses to his request for documents from the Clerk of Court "have nothing to do with my circumstance," claims his public defender is ineffective in violation of his Sixth Amendment rights, and states he has been denied the right to proceed at his own trial *pro se* by the trial judge.

In his prayer for relief, Petitioner asks for computer access so he may prepare his own defense, and/or, that he be appointed a "legal advisor who is not partial or biased...."

He also asks for video and written transcripts of "all his previous court appearances," and he seeks a hearing so he may "petition the government for redress of grievances." Additionally, Petitioner wants a "declaration admitting to the denial of my Constitutional Rights." He asks for a dismissal of the charges which are currently pending against him, and requests compensation for his "illegal, arbitrary detention."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Petition herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429

U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* Petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Petitioner could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Mandamus is a drastic remedy to be used only in extraordinary circumstances, when "the petitioner has no other adequate means to obtain relief to which there is a clear and indisputable right." *In re Blackwater Sec. Consulting, L.L.C.*, 460 F.3d 576, 592 (4thCir. 2006) (internal quotations and citation omitted). "Courts are extremely reluctant to grant a writ of mandamus." *In re Beard*, 811 F.2d 818, 827 (4thCir. 1987). Mandamus relief is not a substitute for appeal. *In re Catawba Indian Tribe*, 973 F.2d 1133, 1136 (4th Cir. 1992); *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). The Writ of Mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

In *Gurley v. Superior Court of Mecklenburg County supra*, a state prisoner sought a Writ of Mandamus to compel the Superior Court of Mecklenburg County (North Carolina)

to prepare a free transcript. The District Court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a Writ of Mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's Petition were treated as an appeal from the District Court's Order denying the issuance of the Writ, the District Court did not have authority to issue a Writ of Mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, *supra*, 411 F.2d at 587. Since the Respondents in the above-captioned case are not federal officials, the United States District Court for the District of South Carolina does not have jurisdiction to issue a Writ of Mandamus against them.

The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988). In *Davis v. Lansing*, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. *See also Craigo v. Hey*, 624 F. Supp. 414 (S.D.W.Va. 1985). In *Craigo*, the District Court concluded that the Petition for a Writ of Mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under *Boyce v. Alizaduh*, *supra*, and *Todd v. Baskerville*, *supra*, and, therefore, was subject to summary dismissal. *Craigo v. Hey*, *supra*, 624 F. Supp. at 414.

Even if this court were to construe this matter as one arising pursuant to 42 U.S.C. § 1983, Petitioner has not named a proper Respondent. Respondent Verdin has absolute

judicial immunity from a suit seeking damages, which arises from the performance of his official duties. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Also, Petitioner can not proceed against Defendant Ianuario, or any attorney who represents him, because that attorney has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, the Petitioner would need to allege that: *(1)* the Respondents deprived him of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)(As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured

by the Constitution are protected only against infringement by governments...") *citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978). Therefore, even if this matter were construed as a Section 1983 action, Petitioner has failed to name a proper Respondent.

Finally, Petitioner raises habeas claims in this matter, asking this court, in part, to dismiss the charges against him. Petitioner has previously been advised that, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts"); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52. Petitioner was made aware of this prohibition in *Lewis v. Dorriety*, Civil Action No. 8:12-3257-MGL-JDA (D.S.C. 2012). A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **RECOMMENDATION**

It is therefore recommended that the District Court dismiss the Petition *without prejudice* and without issuance and service of process because this court lacks subject-

matter jurisdiction over this Petition for Writ of Mandamus. *See* Fed. R. Civ. P. 12(h)(3). *See also* Fed. R. Civ. P. 41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 28, 2013
Greenville, South Carolina

**The Petitioner's attention is directed to the important NOTICE on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Room 239
>300 East Washington St.
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).