IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon L. Lewis, #245552,  )<br>*a/k/a Shannon Lowery Lewis,*  )<br>*a/k/a Shannon Loray Lewis,*  )<br>                                                     )<br>                            Petitioner,  )<br>                                                     )<br>            vs.                                 )<br>                                                     )<br>Judge Letitia H. Verdin, The          )<br>Thirteenth Judicial Circuit; and     )<br>Attorney Robert E. Ianuario,        )<br>                                                     )<br>                            Respondents.  )<br>_____  ) | Civil Action No.: 8:13-89-MGL<br><br>**ORDER AND OPINION** |

Petitioner Shannon L. Lewis ("Petitioner") is an inmate at the Greenville County Detention Center in Greenville, South Carolina. On January 9, 2013, Petitioner proceeding *pro se*, filed a Petition for Writ of Mandamus in this Court alleging that he has been denied due process during the course of his state criminal proceedings. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On January 28, 2013, Magistrate Judge Austin issued a Report and Recommendation (ECF No. 10) recommending that the Court dismiss the Petition without prejudice and without issuance and service of process because this Court lacks subject matter jurisdiction over the Petition for Writ of Mandamus.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. See *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 10 at 8.) Plaintiff filed no objections to the Report and Recommendation and the time for doing expired on February 14, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation (ECF No. 10) is incorporated herein by reference and this action is DISMISSED without prejudice and without service of process for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

                                          s/ Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
March 13, 2013